IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GEORGE WINN, JR., <br> TDCJ-CID # 794700, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTOR BILL PIERCE, et al., <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. V-06-054 |

### MEMORANDUM OPINION AND ORDER

This prisoner civil rights action was originally filed in the Houston Division of the Southern District of Texas before it was transferred to the Victoria Division. *Winn v. Pierce*, No. H-06-1457. This court will **DISMISS** this action for the reasons set forth below.

### I. Motions for Voluntary Dismissal

This action was filed by four Texas prisoners: George Winn, Jr.,, Thomas Wayne Florence, George Morgan, and Mohammad Haider. On May 1, 2006, the Houston court issued an Order (Docket Entry No. 5) instructing each of the plaintiffs to submit the filing fee or file Motions to Proceed In Forma Pauperis pursuant to the provisions of the Prison Litigation Reform Act. Three of the plaintiffs (Florence, Morgan, and Haider) have filed documents which have been construed to be motions to dismiss under FED.R.CIV.P. 41(a). Each of them state that they want to dismiss their claims because they do not want to pay the fee. The courts have generally granted dismissal unless the defendant would suffer some plain legal prejudice other than the mere prospect of a

second lawsuit. *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). No such prejudice has been shown in the instant case.

Moreover, a plaintiff has an absolute right to have a case dismissed if he files a notice of dismissal at any time before the adverse party serves an answer or a motion for summary judgment. FED.R.CIV.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). In the present action, the defendants have not been served and the plaintiffs' allegations have not been fully established.

Plaintiff George Morgan's motion to dismiss (Docket Entry No. 16) is **GRANTED**. Requests for dismissal from Thomas Florence (Docket Entry No. 17) and Mohammad Haider (Docket Entry No. 18) are also **GRANTED**.

## II. Winn's Failure to Submit Administrative Greivances

The Houston court also noted in its Order (Docket Entry No. 5) that there was a deficiency because the plaintiffs had not submitted copies of "'Step 2 grievance[s] with the response[s] by the prison system.'" *Id*. at 2, *citing* Civil Rights Complaint Form (Docket Entry No. 1) at ¶ III. It is imperative that a prisoner shows that he first exhausted those prison administrative remedies which were available to him before he filed his federal civil rights action in court. 42 U.S.C. § 1997e. This requirement applies to all aspects of prison life. *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002). Consequently, the Houston court ordered each of the plaintiffs to submit a copy or original of the relevant grievance forms submitted by them to the prison authorities along with the responses from the authorities. The court also warned the plaintiffs that the action would be subject to dismissal if they did not comply within thirty days.

Although grievances from other prisoners, including Morgan and Florence, have been submitted (Docket Entry No. 13) there is no indication that Winn has complied with the court's Order. Winn's failure to pursue this action forces this court to conclude that he lacks due diligence.

Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 4l(b); *Link v. Wabash R.R.*, 82 S.Ct. 1386 (1962); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). Winn is advised, however, that upon a proper showing, relief from this order may be granted in accordance with FED. R. CIV. P. 60(b). *See Link*, 82 S.Ct. at 1391.

Accordingly, it is hereby **ORDERED** that this action be **DISMISSED** without prejudice for want of prosecution.

All other pending motions submitted by one or more of the plaintiffs (Docket Entry Nos. 6, 7, 8, 9, 10, 11, and 12) are **DENIED** as **MOOT**.

No filing fee shall be collected at this time.

The Clerk shall provide copies of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax number (936) 293-4197.

**SIGNED** on this 6th day of July, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE